IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL PATRICK KERASOTES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-CV-3215 |
| ) | |
| GEORGE G. KERASOTES ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Michael Kerasotes' Motion to Strike Answers of Defendants Pursuant to Rule 12(f) and for Relief and Sanctions Pursuant to Rule 11 (d/e 21). For the reasons set forth below, this Motion is DENIED.

According to the First Amended Complaint, Plaintiff Michael Kerasotes was compelled on May 23, 1995, to relinquish 1,900 shares of common stock in the Defendant George G. Kerasotes Corporation (GKC). First Amended Complaint (d/e 22), ¶ 12. He asserts claims of fraud, breach of fiduciary duty, legal malpractice, and breach of contract in connection with that transaction. Several of the Defendants filed Answers to both the original Complaint (d/e 1) and the First Amended Complaint, in

which they have asserted the statute limitations as an affirmative defense (d/e 11, 14, 25, 27 & 28). Defendants GKC, Flora Beth Kerasotes, Marjorie M. Kerasotes, Harvey B. Stephens, and Marshall N. Selkirk attached to their Answers to the original Complaint a letter dated June 10, 1998, from an attorney to Michael Kerasotes discussing possible causes of action that Michael Kerasotes could bring as a result of the 1995 transaction (Letter). <u>Defendant, George G. Kerasotes Corporation's Answer and Affirmative Defenses to Plaintiff's Complaint (d/e 11)</u>, Exhibit A; <u>Answer to Complaint (d/e 14)</u>, Exhibit C. Michael Kerasotes asks the Court to strike the Answers and seal the filings because the Letter was subject to the attorney-client privilege and, thus, the Defendants cannot use the Letter in their Answers.[1]

Defendants respond with an affidavit of an individual named Cleo Anton. <u>Response to Motion to Strike (d/e 24)</u>, Exhibit 1, <u>Affidavit of Cleo Anton</u>. Anton states that she is a one-time friend of the Kerasotes family. She states that Michael Kerasotes gave her the Letter, and she gave the Letter to Defendant Marjorie Kerasotes. <u>Id.</u> Michael Kerasotes states in his affidavit that he does not recall giving the letter to anyone. <u>Affidavit of Michael Kerasotes (d/e 23)</u>.

---

[1]Michael Kerasotes further asks for sanctions against the Defendants. His request for sanctions, however, must be filed by separate motion. <u>Fed. R. Civ. P.</u> 11(c)(1)(A). The request for sanctions is thus not properly before the Court.

A party may move to strike, "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," from any pleading. Fed. R. Civ. P. 12(f).  Motions to strike, however, are disfavored and should only be granted when a defense is clearly insufficient on the face of the pleadings.  Heller Financial, Inc. v. Midwhey Powder Co. Inc., 883 F.2d 1286, 1294 (7th Cir. 1989); Imperial Const. Management Corp. v. Laborers' Intern. Union of North America, Local 96, 818 F. Supp. 1179, 1186 (N. D. Ill. 1993).

The evidence before the Court indicates that Michael Kerasotes waived any attorney-client privilege by giving the Letter to Anton.  A client waives the attorney-client privilege when he divulges the contents of confidential communications to a third party.  United States v. Hamilton, 19 F.3d 350, 353 (7th Cir. 1994).  People v. Wagener,  196 Ill.2d 269, 752 N.E.2d 430, 436 (2001).  Anton states that Michael Kerasotes gave her the Letter.  Michael Kerasotes does not remember giving her the Letter, but Anton somehow came into possession of the Letter and gave it to Defendant Marjorie Kerasotes.  At this point, it appears that the privilege was waived.  Because the privilege appears to have been waived, the Defendants could properly attach the Letter to their Answers as an exhibit to support their affirmative defense of statute of limitations.  Fed. R. Civ. P. 8(c) & 10(c). The Court, therefore, will not strike the Answers or order them

sealed. Should Michael Kerasotes develop additional evidence to show that the privilege was not waived, he may renew his Motion.

THEREFORE, Plaintiff's Motion to Strike Answers of Defendants Pursuant to Rule 12(f) and for Relief and Sanctions Pursuant to Rule 11 (d/e 21) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   November 23, 2005.

FOR THE COURT:

s/Byron G. Cudmore
BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE