**E-FILED**
Thursday, 02 March, 2006  04:16:59 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

MICHAEL PATRICK KERASOTES, )
 )
 Plaintiff, )
 )
 v. ) No.  05-3215
 )
GEORGE G. KERASOTES )
CORPORATION, et al., )
 )
 Defendants. )

**<u>OPINION</u>**

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants Flora B. Kerasotes,

Marjorie M. Kerasotes, Harvey B. Stephens, and Marshall N. Selkirk's

(Individual Defendants) Motion for Summary Judgment (d/e 30), and

Defendant, George G. Kerasotes Corporation's (GKC) Motion for Summary

Judgment (d/e 33) (The Individual Defendants and GKC are collectively

referred to as the Moving Defendants).[1]  Plaintiff Michael Patrick Kerasotes

alleges in the Complaint that he was forced to relinquish his 1900 shares of

---

[1]Defendant Thomas Lamont has not filed a Motion for Summary Judgment.  He is not included in the terms "Individual Defendants" or "Moving Defendants" used in this Opinion.

1

GKC stock in 1995 for an amount that was far less than the market value of the shares. The Individual Defendants were GKC's officers and directors at the time of the transaction. <u>First Amended Complaint (d/e 22)</u>, ¶¶ 3-6. Michael Kerasotes asserts claims of breach of fiduciary duty, fraud, and punitive damages against the Moving Defendants in connection with the 1995 transaction. For the reasons set forth below, his claims against the Moving Defendants are barred by the statute of limitations in the Illinois Securities Law (Act). 815 ILCS 5/13D.

Michael Kerasotes asks the Court to delay ruling on the Motions for Summary Judgment to give him time to conduct discovery. <u>Plaintiff's Motion for Refusal for Application of Judgment or, Alternatively, for Additional Discovery, Pursuant to Federal Rule of Civil Procedure 56(f) (d/e 37)</u>. The Court denies this request because the statute of limitations clearly bars his claims against these Defendants. There is no need for any discovery. Michael Kerasotes further moves to strike certain evidence presented in support of the Motion for Summary Judgment. <u>Plaintiff's Motion to Strike Certain Evidence in Support of Defendants' Motions for Summary Judgment (d/e 40)</u>. This request is moot because the objectionable evidence does not affect the Court's ruling. For purposes of

this Opinion, the Court will not consider the evidence to which Michael

Kerasotes objects.  The facts, viewed in a light most favorable to Michael

Kerasotes, are set forth below.

STATEMENT OF FACTS

In April 1995, Michael Kerasotes owned 1900 shares of GKC stock.

Defendant Harvey Stephens sent Michael Kerasotes a letter, dated April 11,

1995 (Letter), which stated that the GKC shares were worth $266,000.00.

Plaintiff's Opposition to Defendants' Motions for Summary Judgment (d/e

41) (Plaintiff's Opposition), Exhibit B, Letter Dated April 11, 1995.  This

representation  came  from  a  document  entitled,  "George  Kerasotes

Corporation Stock Valuation Michael Kerasotes."  Id. Exhibit C, Stock

Valuation.  This document stated that GKC was worth $7,850,000.00 as of

December 31, 1993, and Michael Kerasotes' 1900 shares were worth

$266,000.00.

In the Letter, the Individual Defendants, as officers and directors of

GKC, offered to redeem Michael Kerasotes' 1900 shares for $266,000.00.

The Letter offered to pay the purchase price, plus seven percent interest,

over time in bi-monthly installments of $1,000.00.  The purchase price

would  also  be  reduced  by  $26,000.00  to  satisfy  a  debt  that  Michael

3

Kerasotes owed to his late father George Kerasotes.  Michael Kerasotes was told that should he die before the payments were completed, GKC would have no obligation to pay any remaining proceeds to his estate.  Affidavit of Michael Patrick Kerasotes (d/e 43), ¶ 4; Letter, p. 1.

On or about May 23, 1995, Michael Kerasotes was forced to relinquish his 1900 shares of stock in GKC.  First Amended Complaint, ¶¶ 12-13; Affidavit of Michael Patrick Kerasotes, ¶ 3.  As part of the transaction, Michael Kerasotes signed a document entitled Stock Redemption Agreement.  He did so without being represented by counsel at the time.  Affidavit of Michael Patrick Kerasotes, ¶ 4.

In 1999, the Defendants again represented to Michael Kerasotes that GKC was worth $7,850,000.00.  Id. at ¶¶ 3, 5.  That representation was materially false. In 1998, GKC's value was estimated to be $49,262,962.00. Plaintiff's Opposition, Exhibit A, Ownership Analysis.  Michael Kerasotes was not aware of the valuation stated for GKC in the Ownership Analysis until September 24, 2003, when he received a copy of it for discovery in a probate matter.  Amended Complaint, ¶ 24; Affidavit of David Patrick Hall, (d/e 42), ¶¶ 2-4.  Until that time, Michael Kerasotes was unaware of the true value of GKC.  Affidavit of Michael Patrick Kerasotes, ¶ 2.

4

Michael Kerasotes then brought this action against the Individual Defendants for breach of fiduciary duty as officers and directors of GKC (Count I); fraud against the Moving Defendants (Count II); punitive damages against the Moving Defendants (Count III); professional negligence against Defendant Thomas Lamont who was Michael Kerasotes' attorney in 1999 (Count IV); and breach of contract against Lamont (Count V). The Counts against Lamont are not before the Court at this time.

ANALYSIS

The Moving Defendants seek summary judgment on several grounds. Among them, they argue that Michael Kerasotes' claims against them are barred by the statue of limitations in the Act. 815 ILCS 5/13D. At summary judgment, the Moving Defendants must present evidence that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The Court must consider the evidence presented in the light most favorable to Michael Kerasotes. Any doubt as to the existence of a genuine issue for trial is resolved against the Moving Defendants. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once the Moving Defendants have met their burden, Michael Kerasotes must present evidence to show that issues of fact remain with

respect to an issue essential to his case, and on which he will bear the burden of proof at trial.  <u>Celotex</u>, 477 U.S. at 322; <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  In this case, the Act's statute of limitations bars the actions as a matter of law.

The statute of limitations states, in part, that:

> No action shall be brought for relief under this Section or upon or because of any of the matters for which relief is granted by this Section after 3 years from the date of sale; provided, that if the party bringing the action neither knew nor in the exercise of reasonable diligence should have known of any alleged violation of subsection E, F, G, H, I, or J of Section 12 of this Act which is the basis of the action, the 3 year period provided herein shall begin to run upon the earlier of:
>
> . . . .
>
> > (2) the date upon which the party bringing the action has notice of facts which in the exercise of reasonable diligence would lead to actual knowledge of the alleged violation of this Act; but in no event shall the period of limitation so extended be more than 2 years beyond the expiration of the 3 year period otherwise applicable.

815 ILCS 5/13D.  As explained below, § 13G of the Act provided Michael Kerasotes with a remedy for the Moving Defendants' claimed wrongful conduct in the 1995 transaction.  Michael Kerasotes, thus, was required under § 13D to bring this action within three years of the date of the transaction in 1995, or when he had knowledge of the facts that would have

put him on notice of his claim, but in no event, more than two years beyond

the initial three-year period, or no more than five years from the 1995

transaction.  Since Michael Kerasotes did not file this action until 2005, the

action is barred.

> Section 13G of the Act states, in part:

> Whenever any person has engaged . . . in any act or practice constituting a violation of this Act, any party in interest may bring an action in circuit court . . . .  Upon a proper showing, the court shall grant . . . rescission of any sales or purchases of securities determined to be unlawful under this Act, and may assess costs of the proceeding against the defendant.

815 ILCS 5/13G.  The alleged forced relinquishment of Michael Kerasotes'

stock was a sale of securities in violation of the Act.  The Act defines the

term "sale":

> "Sale" or "sell" shall have the full meaning of the term as applied by or accepted in the courts of this State, and shall include every contract of sale or disposition of a security or interest in a security for value.

815 ILCS 5/2.5.  Michael Kerasotes was forced to relinquish his GKC stock

for bi-monthly payments of $1,000.00 and satisfaction of a $26,000.00

debt that he owed his father.  This was a disposition of securities for value.

This was a sale under the Act.

> Michael Kerasotes' evidence creates an issue of fact regarding whether

7

the 1995 sale was the result of a fraudulent scheme designed to cheat him out of the value of his stock.  The Individual Defendants represented to Michael Kerasotes in 1995 that his GKC stock was worth $266,000.00. This representation was based on a $7,850,000.00 valuation of GKC.  In 1998, however, GKC was valued at $49,262,962.00, more than six times the prior valuation.  The disparity in the valuations creates an issue of fact regarding whether the $7,850,000.00 valuation was false and, thus, whether the representation in the Letter about the value of Michael Kerasotes' stock was false.  The Moving Defendants, further, continued to tell Michael Kerasotes in 1999 that GKC was worth only $7,850,000.00.  When viewed in favor of Michael Kerasotes, the misrepresentation of the value of GKC in 1999 appears to be intentional and may create an issue of fact regarding the Moving Defendants' intent in 1995.   If the Moving Defendants intentionally misrepresented the value of the stock in 1995, then the relinquishment of Michael Kerasotes' stock was induced by the Moving Defendants' fraudulent scheme.

Such a fraudulent sale would have violated § 12 of the Act.  Section 12 states, in part, that:

It shall be a violation of the provisions of this Act for any

person:

. . . .

F.      To engage in any transaction, practice or course of
        business in connection with the sale or purchase of
        securities which works or tends to work a fraud or deceit
        upon the purchaser or seller thereof.

. . . .

I.      To employ any device, scheme or artifice to defraud in
        connection with the sale or purchase of any security,
        directly or indirectly.

815 ILCS 5/12F & 5/12I.  Because the sale would have violated §§ 12F and

12I of the Act, Michael Kerasotes could have rescinded the fraudulent

transaction under § 13G and recovered his GKC stock.  Michael Kerasotes,

therefore, had a remedy under § 13 of the Act.

The statute of limitations in § 13D applies to any action that could be

brought, "because of any of the matters for which relief is granted by this

Section."  815 ILCS 5/13D.  Michael Kerasotes' breach of fiduciary duty,

fraud, and punitive damage claims against the Moving Defendants are based

on the claimed fraudulent stock transaction and so are based on "matters for

which relief is granted" under § 13.  These claims are therefore covered by

the statute of limitations in § 13D, and so, are barred.  Tregenza v. Lehman

<u>Brothers, Inc.</u>, 287 Ill.App.3d 108, 109-10, 678 N.E.2d 14, 15 (1st Dist. 1997).

Michael Kerasotes argues that the Defendants waived the statute of limitations defense. He is incorrect. The Defendants raised the statute of limitations as an affirmative defense in their Answers. <u>Answer to First Amended Complaint (d/e 25), Affirmative Defenses ¶ 1</u>; <u>Defendant George G. Kerasotes Corporation's Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (d/e 27), Affirmative Defenses, ¶ 1</u>. The fact that they did not cite the specific statute of limitations does not constitute a waiver. <u>Fed.R.Civ.P.</u> 8(c); <u>Heiar v. Crawford County, Wis.</u>, 746 F.2d 1190, 1196 (7th Cir. 1984) (citing <u>Santos v. District Council of New York City and Vicinity of United Broth. Of Carpenters and Joiners of America, AFL-CIO</u>, 619 F.2d 963, 967 (2nd Cir. 1980)). The issue was not waived.

Michael Kerasotes argues that the transaction was not a sale. As explained above, the transaction clearly was a sale under the Act. He relinquished his stock for value. He argues that the transaction was an exempt transaction under the Act. The exemption provisions only apply to registration requirements, not the anti-fraud provisions in § 12, or the private remedies in § 13. 815 ILCS 5/3-5/4. Michael Kerasotes also argues

that § 13 only provides relief to purchasers.  This is incorrect, § 13A only provides a remedy to purchasers, but § 13G provides a remedy for any violation of the Act, including sales in violation of §§ 12F and 12I.  Michael Kerasotes, thus, had a remedy under § 13G.

Michael Kerasotes argues that there were oddities about the 1995 transaction.  Those oddities do not change the fact that he relinquished 1900 shares GKC stock in 1995 for value.  He therefore sold the stock in 1995, and, based on his evidence, that sale was fraudulent in violation of §§ 12F and 12I.  He, therefore, had cause of action under § 13G.  The statute of limitations in § 13D applies, and his claim is barred.

Michael Kerasotes finally argues that the policy behind the statute of limitations does not apply in this case.  The Court, however, is bound by the express language of the Act and cannot make exceptions for policy reasons. See Lucas v. Downtown Greenville Investors Ltd. Partnership, 284 Ill.App.3d 37, 52, 671 N.E.2d 389, 399 (2nd Dist. 1996) ("As the State legislature has provided a complete statutory scheme to remedy securities fraud, . . . we are bound to give effect to the plain language of the Act without resorting to other aids for construction.").

Michael Kerasotes also moves for additional time to conduct discovery

about the applicability of the Act to this case before responding to the Motions for Summary Judgment.   Plaintiff's Motion for Refusal for Application of Judgment or, Alternatively, for Additional Discovery, Pursuant to Federal Rule of Civil Procedure 56(f) (d/e 37).  He must present an affidavit setting forth why he cannot now present facts essential to justify his opposition to the Motions for Summary Judgment.  Fed.R.Civ.P. 56(f). Michael Kerasotes has submitted an Affidavit which states that he needs to discover facts about whether GKC complied with laws, rules and regulations pertaining to corporate governance and whether the redemption of his stock was a sham transaction for purposes of the Act.  Id., ¶¶ 8-9.  Affidavit Supporting Refusal of Application for Judgment or, Alternatively, for Additional Discovery, Pursuant to Federal Rule of Civil Procedure 56(f) (d/e 39) (Rule 56(f) Affidavit), ¶ 7.

The Court sees no reason for conducting discovery on these issues. The sale of the stock clearly occurred.  Michael Kerasotes states in his Affidavit that he relinquished his stock for value.  Affidavit of Michael Patrick Kerasotes, ¶¶ 3-4.  Any irregularities in compliance with state corporate law will not change the fact that his relinquishment was a sale of securities.  There clearly was a sale under the Act.  Michael Kerasotes has

also presented evidence which may create an issue of fact regarding whether the Moving Defendants misrepresented the value of his stock as part of their scheme to defraud him in the sale of his stock.  The Act therefore applies.

Michael Kerasotes also argues that he needs to know whether the stock was properly registered.  He does not need to discover this fact because registration does not matter.  Sections 12 and 13 of the Act apply to any stock sale, not just sales of registered stock.  Thus, he had a claim under the Act regardless of whether the stock was properly registered.  He does not need discovery on this issue.

Michael Kerasotes did not bring his claim within the Act's five-year statute of limitations.  815 ILCS 5/13D.  His claims against the Moving Defendants, therefore, are barred.

THEREFORE, Defendants Flora B. Kerasotes, Marjorie M. Kerasotes, Harvey B. Stephens, and Marshall N. Selkirk's Motion for Summary Judgment (d/e 30), and Defendant, George G. Kerasotes Corporation's Motion for Summary Judgment (d/e 33) are ALLOWED. Plaintiff's Motion for Refusal for Application of Judgment or, Alternatively, for Additional Discovery, Pursuant to Federal Rule of Civil Procedure 56(f) (d/e 37) is DENIED.  Plaintiff's Motion to Strike Certain Evidence in Support of

Defendants' Motions for Summary Judgment (d/e 40) is DENIED as moot.

Partial summary judgment is entered in favor of Defendants Flora B. Kerasotes, Marjorie M. Kerasotes, Harvey B. Stephens, and Marshall N. Selkirk and against Plaintiff Michael Patrick Kerasotes on Counts I, II, and III of the First Amended Complaint; partial summary judgment is also entered in favor of Defendant George G. Kerasotes Corporation and against Plaintiff Michael Patrick Kerasotes on Counts II and III of the First Amended Complaint.  Defendants George G. Kerasotes Corporation, Flora B. Kerasotes, Marjorie M. Kerasotes, Harvey B. Stephens, and Marshall N. Selkirk are dismissed as parties in the action.

IT IS THEREFORE SO ORDERED.

ENTER:   March 2, 2006.

FOR THE COURT:

s/  Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE