IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL PATRICK KERASOTES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3215 |
| | ) | |
| THOMAS R. LAMONT, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on the Motions to Quash Subpoena filed by accountants Kerber, Eck, and Braeckel (KEB), former corporate Defendant George G. Kerasotes Corporation (GKC), and former individual Defendants Flora Beth Kerasotes, Marjorie M. Kerasotes, Harvey B. Stevens and Marshall N. Selkirk (Former Individual Defendants) (d/e 59, 65, and 63).  The Plaintiff Michael Patrick Kerasotes served a subpoena for documents (Subpoena) on KEB seeking documents related to the GKC, the Former Individual Defendants, himself, Defendant Thomas R. Lamont, third parties Robert Kerasotes, and George G. Kerasotes.  The Movants ask the Court to quash the subpoena.

For the reasons set forth below, the Motions are allowed in part. KEB is directed to produce documents identified in categories numbered 2-8 in the Subpoena except to the extent that the documents requested are subject to the Illinois accountant/client privilege and to the extent that the documents were created prior to 1990. 225 ILCS 450/27. Request number 1 is quashed at this time on relevancy grounds. Request number 9 is quashed as overly broad. Categories numbered 10-33 are quashed except to the extent that the documents are not privileged and the documents contain statements regarding the value of GKC. KEB is ordered to collect the documents to be produced and to prepare a privilege log identifying each document that it asserts is privileged by June 23, 2006. Michael Kerasotes is ordered to pay KEB its reasonable costs incurred in collecting the documents and preparing the privilege log. Michael Kerasotes, KEB, GKC, Lamont and the Former Individual Plaintiffs are further ordered to prepare an agreed protective order to limit the use of the documents produced. Once the protective order is in place and KEB's costs are paid, KEB is directed to produce the responsive documents and the privilege log.

STATEMENT OF FACTS

Michael Kerasotes alleges that he was forced to sell his shares of GKC in 1995 based on a fraudulent misrepresentation that GKC was worth $7.85 million. Based on the $7.85 million valuation, Michael Kerasotes sold his stock to GKC for $266,000.00. He alleges that, in fact, GKC was valued at over $49 million in 1998. First Amended Complaint (d/e 22), ¶¶ 17-19. Michael Kerasotes alleges that Carmike Cinemas, Inc. (CCI) bought the stock of GKC in May 2005, for $66 million. Id., ¶ 2.

Michael Kerasotes brought claims against GKC and the Former Individual Defendant based on the 1995 transaction. Id., Counts I, II, and III. He alleges that the Former Individual Defendants were officers and directors of GKC. Id., ¶¶ 3-6. The Court dismissed these claims based on the statute of limitations in the Illinois Securities Law. 815 ILCS 5/13D; Opinion entered March 2, 2006 (d/e 53).

Michael Kerasotes retained attorney Lamont in 1999 to represent him in connection with an agreement to transfer the proceeds from the 1995 sale of his GKC stock to the Guardian Services of Seattle. Id., ¶ 22. Michael Kerasotes asserts claims of breach of contract and legal malpractice against Lamont for failing to ascertain the true value of GKC

and discovering the alleged improprieties in the 1995 transaction.  First Amended Complaint Counts IV & V, ¶¶ 43-56.  Michael Kerasotes has produced a letter signed by Lamont dated February 9, 1999, to Former Individual Defendant Beth Kerasotes, as president of GKC, in which Lamont questioned the validity of the 1995 sale.  Plaintiff's Combined Response to Motions to Quash Subpoena (d/e 67), Exhibit A.

Michael Kerasotes served the Subpoena, dated March 31, 2006, on KEB.  Memorandum in Support of Motion to Quash Subpoena (d/e 64), Exhibit A, Subpoena.  The Subpoena lists 33 categories of documents to be produced.  The first nine categories relate to GKC.  Category 1 is, "All documents retained pursuant to the letter from Kish Law Firm to Dennis Moja, dated August 9, 2005."  Categories 2-5 ask for financial information since 1990 and documents submitted to the Securities and Exchange Commission (SEC) and to CCI in connection with the 2005 stock sale.  Category 6 asks for documents showing the number of theaters and screens owned or operated by GKC since 1990.  Category 7 asks for GKC tax returns and related documents since 1990.  Category 8 asks for documents on sales, purchases or stock splits for GKC stock.  Category 9

asks for, "All documents prepared for or on behalf of GKC and all communications not produced in response to any of the prior requests."

The remaining twenty-four categories in the Subpoena relate to Michael Kerasotes, each Former Individual Defendant, Lamont, Robert Kerasotes, and George G. Kerasotes. With respect to each such individual, the Subpoena requests three categories of documents: (1) all documents prepared for or on behalf of the individual; (2) all tax returns prepared for the individual and related documents; and (3) all communications between KEB and the individual. KEB raises the Illinois accountant/client privilege, and relevancy and undue burden objections as to all of the requests except for documents submitted to the SEC and CCI, and GKC's tax returns. GKC objects to all requests related to it based on relevancy and undue burden. The Former Individual Defendants object to requests related to them based on relevancy and undue burden.

ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to

lead to the discovery of admissible evidence.  The rule gives the district courts broad discretion in matters relating to discovery.  See Brown-Bey v. United States, 720 F.2d 467, 470-471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A., 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion).  "[I]f there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action.  The good-cause standard warranting broader discovery is meant to be flexible."  Fed. R. Civ. P. 26(b)(1), Advisory Committee Notes, 2000 Amendment.

In this case, Michael Kerasotes has subpoenaed documents from KEB to discover information about the value of GKC.  The value of GKC in 1995 and in 1999 is relevant to his theory of recovery against Lamont.  Michael Kerasotes claims that Lamont committed legal malpractice and

breach of contract because Lamont did not discover that the $7.85 million valuation used in the 1995 transaction was false and that Michael Kerasotes was defrauded through the use of this valuation. Michael Kerasotes is, thus, entitled to discover information relevant to the issue of the value of GKC and relevant to the issue of information that could have been available to Lamont when he represented Michael Kerasotes.

The documents subpoenaed in categories 2-8 are relevant to the issue of the value of GKC in 1995 and the information that Lamont could have discovered during his representation of Michael Kerasotes, although the categories need to be limited to a relevant time period. These categories contain financial information and other information that relate to the value of GKC. Some of the categories ask for documents from 1990 to the present. Others have no time limits. The Court limits the requests in all of these categories to documents created in 1990 or thereafter. This period is sufficient to provide data regarding the value in both 1995 and at the time that Lamont was representing Michael Kerasotes. See James v. Newspaper Agency Corp., 591 F.2d 579, 581 (10th Cir. 1979); Glenn v. Williams, 209 F.R.D. 279, 282 (D. D.C. 2002) (requests should be subject to reasonable temporal limits).

KEB also claims the Illinois accountant/client privilege for these documents. 225 ILCS 450/227. This is a diversity matter governed by Illinois law and so Illinois privileges apply. See Fed. R. Evid. 501. KEB, however, needs to identify the particular documents to which the privilege applies. KEB, therefore, must prepare a privilege log identifying the documents so that the parties, and possibly the Court, can evaluate the claims of privilege.

KEB and GKC object to category 1 of the Subpoena on relevance grounds. The request asks for documents that Michael Kerasotes' counsel asked Dennis Moja to retain by letter dated August 9, 2005. The Court acknowledges that Moja is an accountant at KEB. No one has provided the Court with a copy of this letter. The Court, therefore, has no basis on which to evaluate whether the information sought is relevant. The Court will quash the request on relevance grounds at this time. If Michael Kerasotes can show relevance, the Court will reconsider this aspect of this Order.

Category 9 asks for anything else related to communications between GKC and KEB. This is clearly overly broad. This request is quashed.

Categories 10-33 ask for documents related to the individuals involved in this case. KEB and the Former Individual Defendants object on relevancy grounds and grounds of undue burden. The Court agrees, except to the extent that the documents that contain statements regarding the value of GKC. Documents that discuss the value of GKC would be relevant. The Court therefore will quash the requests in these categories except with respect to any unprivileged documents in any of these categories that: (1) were created in 1990 or thereafter; and (2) contain statements regarding the value of GKC. To the extent that KEB wishes to assert an accountant/client privilege with respect to any of these documents, it should include such documents in the privilege log.

Michael Kerasotes argues that information about the Former Individual Defendants' compensation at GKC is relevant to the value of GKC. That information is marginally relevant, but there is no need to produce every piece of information that KEB has on each of these individuals just to learn the compensation of GKC's officers and directors. The officers and directors' compensation should be contained in the documents that the Court is directing KEB to produce from categories 2-8. If not, the information can also be discovered directly from GKC.

The Court recognizes that the documents to be produced may contain confidential information and may properly be subject to a protective order.  Michael Kerasotes indicated that he has no objection to a protective order covering the documents produced.  Michael Kerasotes, Lamont and the Former Individual Defendants, therefore, are ordered to prepare an agreed protective order for the Court's consideration by June 23, 2006.

KEB, further, is entitled to protection from incurring significant expense in complying with the Subpoena.  Fed. R. Civ. P. 45(b)(2)(B).  Michael Kerasotes, therefore, must pay KEB's reasonable costs incurred in collecting the subpoenaed documents and preparing the privilege log.

THEREFORE, Motions to Quash Subpoena filed by accountants Kerber, Eck, and Braeckel (KEB), former corporate Defendant George G. Kerasotes Corporation (GKC), and former individual Defendants Flora Beth Kerasotes, Marjorie M. Kerasotes, Harvey B. Stevens and Marshall N. Selkirk (Former Individual Defendants) (d/e 59, 65, and 63) are ALLOWED in part.  Requests in categories 1 and 9 of the Subpoena are quashed.  The requests in categories numbered 2-8 in the Subpoena are quashed except to the extent that the documents: are (1) not privileged and (2) were created in 1990 or thereafter.  The requests in categories numbered 10-33

in the Subpoena are quashed except to the extent that: (1) the documents are not privileged; (2) the documents were created in 1990 or thereafter; and (3) the documents contain statements regarding the value of GKC. KEB is ordered to collect the documents to be produced and to prepare a privilege log identifying each document that it asserts is privileged by June 23, 2006. Michael Kerasotes is ordered to pay KEB its reasonable costs incurred in collecting the subpoenaed documents and preparing the privilege log. Michael Kerasotes, GKC, Lamont and the Former Individual Plaintiffs are further ordered to prepare and file by June 23, 2006, an agreed protective order to limit the use of the documents produced. Once the protective order is in place and KEB's costs have been paid, KEB shall produce the documents and the privilege log.

IT IS THEREFORE SO ORDERED.

ENTER:   May 25, 2006

      FOR THE COURT:

                      s/Byron G. Cudmore
                      BYRON G. CUDMORE
                UNITED STATE MAGISTRATE JUDGE