IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL KLEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-3215 |
| | ) | |
| THOMAS R. LAMONT, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Thomas R. Lamont's Motion for Leave to Amend Answer to Assert Additional Affirmative Defenses (d/e 83).  For the reasons set forth below, the Motion is allowed in part.  Lamont may assert the affirmative defense of judicial estoppel to limit the amount of any judgment so that Michael Patrick Kerasotes could not personally benefit from the judgment.

STATEMENT OF FACTS

On August 3, 2005, Michael Patrick Kerasotes (Kerasotes) filed this

legal malpractice case against Lamont.[1] Kerasotes previously filed a Chapter 7 Bankruptcy (Bankruptcy) in the Western District of Washington on December 27, 2004. <u>Defendant Thomas R. Lamont's Memorandum of Law in Support of Motion for Leave to Amend Answer to Assert Additional Affirmative Defenses (d/e 84) (Defendant's Memorandum)</u>, Exhibit C, <u>In re Kerasotes</u>, W.D. Wash., Bankr. Case No. 04-26324-TTG, Docket Report. Kerasotes did not list his claim against Lamont as an asset in the Bankruptcy. On March 10, 2005, the Trustee entered a report of no distribution, indicating that no assets were found or distributed. <u>Id.</u> Kerasotes received a discharge on April 5, 2005, and the case was closed on April 12, 2005. <u>Id.</u>

Upon learning these facts in discovery, Lamont moved to amend his defenses. He sought to add the affirmative defense that Kerasotes was not the real party in interest because the Trustee of the Bankruptcy was the party entitled to pursue the claim against Lamont. <u>Biesek v. Soo Line R. Co.</u>, 440 F.3d 410, 413 (7th Cir. 2006). He also sought to add the affirmative defense of judicial estoppel to preclude Kerasotes from asserting

---

[1] The claims against the other Defendants have been dismissed, and that dismissal has been affirmed on appeal. <u>Klein v. George G. Kerasotes Corp.</u>, __F.3d__, 2007 WL 2684820 (7th Cir. 2007).

2

a claim in this proceeding when he denied the existence of the claim in the Bankruptcy. Cannon-Stokes v. Potter, 453 F.3d 446 (7th Cir. 2006).

In response, Kerasotes reopened the Bankruptcy and had the Trustee of the Bankruptcy Michael Klein (Trustee), substituted in as the Plaintiff in this action. Lamont concedes that his first affirmative defense is now moot because the Trustee is the proper Plaintiff to pursue this action on behalf of the Bankruptcy Estate. Lamont, however, still believes that his affirmative defense of judicial estoppel is still viable.

## ANALYSIS

Leave to amend the pleadings is to be freely granted when justice so requires. Fed. R. Civ. P. 15(a). Leave, however, may be denied if the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). In this case, the Court is not convinced that Lamont's affirmative defense of judicial estoppel would be futile. Judicial estoppel is a flexible equitable doctrine designed "to protect the integrity of the judicial process . . . by prohibiting parties from deliberately changing positions according to the exigencies of the moment." Jarrard v. CDI Telecommunications, Inc., 408 F.3d 905, 914 (7th Cir. 2005) (quoting New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001)). The doctrine keeps a party from manipulating the

3

judicial process by taking one position in one lawsuit, and then repudiating that position in a subsequent suit. Jarrard, 408 F.3d at 914.

The doctrine is "to be applied flexibly with an eye toward protecting the integrity of the judicial process." Id. The Court must consider several factors in applying the doctrine, including: (1) whether the party's position in the current action is clearly inconsistent with a position in a prior action; (2) whether the party prevailed in the first action on the basis of the earlier position; (3) whether the party asserting the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped; and (4) whether the operative facts remain the same in both cases. Id., at 914-15. The ultimate goal of the doctrine is "to protect the courts from the litigatory shenanigans that would result if parties could, without limitation or consequence, swap litigation positions like hats in successive cases based on simple expediency or self-benefit." Id., at 915.

Lamont argues that Kerasotes engaged in just this sort of litigatory shenanigans. He took the position before the court in the Bankruptcy that he had no cause of action against anyone. As a result, the Trustee filed a report stating that no available assets were found and no distribution would be made. Kerasotes then received a discharge of his creditors' claims.

Thereafter, Kerasotes alleged in this case that he has a cause of action against Lamont. In so doing, Lamont argues that Kerasotes attempted to manipulate the court system to commit a fraud so that he could keep any judgment for himself, free and clear of his discharged creditors' claims. The doctrine of judicial estoppel can be applied in such situations to prevent a debtor from manipulating the courts to commit such a fraud. Cannon-Stokes, 453 F.3d at 448.

The Trustee argues, however, that Lamont cannot assert this defense now because the Trustee has been substituted in as the Plaintiff acting on behalf of the Bankruptcy Estate. Lamont does not allege that the Trustee participated in any fraud. Further, the Trustee will not defraud Kerasotes' creditors. Rather, any recovery from this action would go to the Bankruptcy Estate to pay Kerasotes' creditors. The Trustee correctly points out that the defense of judicial estoppel is not available to "prevent the creditors themselves from realizing on the claim after its discovery." Id., at 448.

Lamont concedes that if he is otherwise liable, the Trustee should be able to recover a judgment that would satisfy Kerasotes' creditors whose claims were discharged in the Bankruptcy, and pay for the administration of the Bankruptcy Estate. Lamont, however, argues that Kerasotes

5

committed a fraud on his creditors and the courts by hiding the existence of this cause of action in the Bankruptcy, and so, should not be able to benefit from his fraud. Lamont argues that the judgment in this case may generate enough funds to pay all creditors in full, including administrative costs, and still leave a large surplus that would then be distributed to Kerasotes as the debtor. 11 U.S.C. § 726(a)(6). Kerasotes listed debts totaling $23,000.00 in his schedules filed in the Bankruptcy, but now seeks damages in excess of $3,000,000.00. <u>Defendant Thomas R. Lamont's Reply to Plaintiff's Response to Motion for Leave to Amend Answer to Assert Additional Affirmative Defenses (d/e 88)</u>, at 3, and Exhibit D, <u>Bankruptcy Schedule F</u>. Should the Trustee secure a judgment for the full amount sought, Kerasotes would still receive a large amount of money, even after satisfaction of all claims in the Bankruptcy. Lamont argues that he still should be able to assert the affirmative defense of judicial estoppel to prevent any money from being paid to Kerasotes personally. Some courts have accepted this argument. <u>E.g.</u>, <u>Stramiello-Yednak v. Perl</u>, 2006 WL 1158123, at *5 n.8 (W.D.Pa. 2006); <u>Martin v. U.S. Bank</u>, 2005 WL 3107722, at *5-*6 (E.D.Mo. 2005); <u>see also</u> <u>Parker v. Wendy's Intern., Inc.</u>, 365 F.3d 1268, 1273 n. 4 (11th Cir. 2004).

At this juncture, the Court must determine whether it would be futile for Lamont to pursue this partial defense to limit the damages. Kerasotes certainly omitted this cause of action from his Bankruptcy filings. Lamont may be able to prove that Kerasotes intentionally and fraudulently omitted the cause of action for the express purpose of using the courts to defraud his creditors. If Lamont can prove that Kerasotes intentionally attempted to use the courts to commit such a fraud, then it is possible the Court could find that, to protect the integrity of the judicial system, Kerasotes should be barred from benefitting personally from this action. Thus, the Court will not find that the proposed amendment to add this affirmative defense is futile, and will it grant leave to amend.

The Court notes that it is far from clear that the equities will ultimately weigh in favor of applying the doctrine. Unlike the plaintiff in Cannon-Stokes, for example, Kerasotes did not try to remain as Plaintiff once this issue was raised. See Cannon-Stokes, 453 F.3d at 448 ("Cannon-Stokes never [reopened the bankruptcy and turned the cause of action over to the bankruptcy trustee]; she wants every penny of the judgment for herself."). Rather, Kerasotes reopened his bankruptcy and brought the Trustee in as the real party in interest to pursue this action on behalf of the

Bankruptcy Estate. This factor may tend to show that Kerasotes did not intend to secure an unfair advantage for himself by omitting the cause of action from his Bankruptcy filings; rather, he may have made an honest mistake in his bankruptcy filings and then corrected the error as soon as it was pointed out by Lamont. At this point, the Court cannot tell.

The interests of Kerasotes' creditors may also complicate Lamont's ability to succeed at this defense. This defense will only be relevant if Lamont is liable to the Trustee in this action. If so, the equities between Lamont and Kerasotes' creditors clearly weigh in favor of the creditors. The creditors should not have to suffer at all because of Kerasotes' actions. Cannon-Stokes, 453 F.3d at 448. Lamont, thus, will have to show that imposing a limit on the judgment to deny a benefit to Kerasotes will not impose any burden on Kerasotes' creditors or the administration of the Bankruptcy Estate.[2]

---

[2] Lamont may have difficulty proving the appropriate limit on the judgment that will not harm creditors because the amount of the creditors' claims and the costs of the administration of the Bankruptcy may not be known at the time that the Court must enter a judgment. Typically, these amounts are determined after assets are recovered, e.g., after the entry of a judgment in favor of the Trustee and against Lamont in this case. Generally, after a trustee secures a judgment, he must notify the Bankruptcy Court, and the Court notifies creditors. Bankruptcy Rule 3002(c)(5). Creditors then have ninety days to file proofs of claim. Id. Objections to claims may then be filed. 11 U.S.C. § 502(a). Any objections must be resolved before the total value of the principal of the allowed claims will be known. The creditors are then entitled to interest on that

At this point, however, Lamont may be able to succeed in establishing this partial defense. In such situations, leave to amend should be freely given. <u>Fed. R. Civ. P.</u> 15(a). The Court therefore, will allow the amendment.

THEREFORE, Defendant Thomas R. Lamont's Motion for Leave to Amend Answer to Assert Additional Affirmative Defenses (d/e 83) is ALLOWED in part. Defendant Thomas R. Lamont may amend his Answer to add an affirmative defense of judicial estoppel to preclude recovery by the Trustee of any moneys that would benefit Michael Patrick Kerasotes personally. The Motion is otherwise DENIED. Defendant Thomas R. Lamont is directed to file an amended answer and affirmative defenses consistent with this Opinion by November 2, 2007.

IT IS THEREFORE SO ORDERED.

---

principal amount of the claims before the debtor receives anything. 11 U.S.C. § 726(a)(5). Furthermore, a trustee's attorney's fees and administrative expenses must be paid. The Bankruptcy Court must approve these fees and expenses. <u>See</u> 11 U.S.C. §§ 327-30. The trustee is also entitled to a fee for administering the Bankruptcy Estate. The fee is based, at least in part, on the value of the assets recovered. 11 U.S.C. § 326(a). These procedures to approve claims and administrative costs and fees may not be completed when this Court is ready to enter judgment.

ENTER: October 17, 2007

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                   JEANNE E. SCOTT
                       UNITED STATES DISTRICT JUDGE